# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON J. REAM & <br> CORINNA L. REAM, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE PROPERTY & <br> CASUALTY INSURANCE COMPANY, <br> NAIC, <br><br> Defendant. | 2:19-cv-00768 |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

Plaintiffs Jason and Corinna Ream ("Plaintiffs") sued Defendant Nationwide Property and Casualty Insurance Company ("Defendant") for breach of contract and bad faith based on the handling of a claim for underinsured motorist ("UIM") benefits. Plaintiffs alleged three claims against Defendant: (1) breach of contract; (2) loss of care, companionship, and consortium; and (3) insurance bad faith under 42 Pa. C.S. § 8371. Defendant filed a partial Motion to Dismiss targeting Count III for failure to state a claim for which relief could be granted ("Defendant's Motion"). For the reasons that follow, Defendant's Motion will be granted, in part without prejudice, in part with prejudice.

## I. BACKGROUND

### A. Facts

Here are the key facts, as alleged in the Complaint: On December 5, 2017, Jason Ream was driving on Pennsylvania State Route 51 when he was struck by another driver, Philip E. Lint. The accident resulted in various injuries and damages to Ream and his property. (Compl.,

ECF No. 1, Ex. A, ¶¶ 3, 6, 10–14, 28.) At the time of the accident, Plaintiffs were insured under a vehicular insurance policy issued by Defendant which provided $250,000.00 in UIM coverage stacked by multiple vehicles.[1] (*Id.* ¶ 17.)

Lint was insured by Nationwide Insurance Company with bodily injury liability protection limits in the amount of $25,000.00. (*Id.* ¶ 15.) Plaintiffs settled their claim with the tortfeasor for his $25,000.00 liability limits and with the consent of Defendant. (*Id.* ¶¶ 15, 32, 34.) However, according to the Complaint, Lint's policy limits were not adequate to compensate Plaintiffs for the injuries sustained as a result of the accident. (*Id.* ¶ 16.)

Plaintiffs submitted a claim for UIM benefits to Defendant in January 2018. (*Id.* ¶ 26.) Since that time, Plaintiffs have provided various medical and economic reports and documents to Defendant for review. (*Id.* ¶ 27.) On March 26, 2019, Plaintiffs made a written demand for the stacked policy limits of UIM coverage due under the subject policies and have continued to demand payment since that date. (*Id.* ¶¶ 30, 31.)

According to the Complaint, Defendant failed to "objectively and fairly evaluate Plaintiffs' claim," "promptly offer reasonable payment to the Plaintiffs," "reasonably and adequately [] investigate Plaintiffs' claim," among other things. (*Id.* ¶ 43.) Through its conduct, Defendant allegedly violated its obligations under the subject insurance policies, thereby breaching its contractual duties, in addition to committing insurance bad faith under 42 Pa. C.S. § 8371.

**B.     Procedural History**

Plaintiffs initiated this lawsuit in the Court of Common Pleas in Fayette County, Pennsylvania. (Compl., ECF No. 1, Ex. A.) On the basis of diversity jurisdiction, Defendant

---

[1] The parties dispute whether the UIM coverage was stacked by four (4) or five (5) motor vehicles. The Court will not address this dispute at this time as the total UIM coverage is not germane to the Motion at hand.

removed the lawsuit to this Court on June 28, 2019. (Def.'s Notice of Removal, ECF No. 1.) Defendant filed the pending Motion and Plaintiffs filed a Response. (Def.'s Mot. to Dismiss, ECF No. 2; Pls.' Resp. to Def.'s Mot. to Dismiss, ECF No. 10.) The Court has reviewed the Motion, Response, and all briefing in support therein, and the matter is ripe for disposition.[2]

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Motions

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Complaints therefore must allege facts "sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). When determining whether dismissal is appropriate, the Court must: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The Court should "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Blanyar v. Genova Prods. Inc.*, 861 F.3d 426, 431 (3d Cir. 2017) (citing *Fowler*, 578 F.3d 203). The Court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those]

---

[2] The Court will exercise its discretion under Federal Rule of Civil Procedure 78(b) and decide the pending motion to dismiss on the briefs and without oral argument. *See generally Fabics v. City of New Brunswick*, 629 F. App'x 196, 199 n.5 (3d Cir. 2015) ("[A] district court has broad discretion to decide a motion with or without oral argument.").

3

documents." *Wayne Land & Mineral Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 527 (3d Cir. 2018) (quoting *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016)).

### B.     Rule 12(f) Motions

A court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), the "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial maters." *Hildebrand v. Allegheny Cty.*, No. 12-cv-1122, 2012 WL 6093798, at *7 (W.D. Pa. Dec. 7, 2012). The standard for striking portions of a complaint is strict and "only allegations that are so unrelated to the plaintiffs' claims as to be unworthy of any consideration should be stricken." *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-cv-260, 2009 WL 577964, at *2 (W.D. Pa. Mar. 5, 2009). While motions to strike are generally disfavored, allegations that "confuse the issues" may be struck for clarity's sake. *See LabMD, Inc. v. Tiversa Holding Corp.*, No. 15-cv-92, 2017 WL 9532618, at *1 (W.D. Pa. May 26, 2017). "Motions to strike are decided on the pleadings alone." *Miller*, 2009 WL 577964, at *2.

## III.    DISCUSSION

At issue is Count III of the Complaint. First, Defendant argues that Plaintiffs' bad faith claim should be dismissed because Plaintiffs fail to plead sufficient facts to state a claim under the Pennsylvania bad faith statute considered in the context of federal pleading standards. Next, Defendant argues that Plaintiffs' allegations that Defendant owed and/or breached a fiduciary duty in those regards should be dismissed because no such duty is owed in the UIM context. Lastly, Defendant argues that Plaintiffs' demands for compensatory damages for bad faith should be dismissed because such damages are not recoverable under the bad faith statute. The Court will address each argument below.

4

## A. Plaintiffs' Bad Faith Claim

In an action arising under an insurance policy, Pennsylvania's bad faith statute provides certain remedies if the insurer has acted in bad faith toward the insured: (1) "interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%"; (2) "punitive damages against the insurer"; and (3) "court costs and attorney fees against the insurer." 42 Pa. C.S. § 8371.

The statute does not define "bad faith," or otherwise "set forth the manner in which a party" must prove bad faith. *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 373 (Pa. 2017). However, the Pennsylvania Supreme Court has defined "bad faith" as meaning:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Id.* at 169 (quoting Black's Law Dictionary 139 (6th ed. 1990)); *see also Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (predicting that the Pennsylvania Supreme Court would follow the definition of bad faith set out by the Pennsylvania Superior Court in *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994), also adopting the definition from Black's Law Dictionary).

To succeed on a bad faith claim, "a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006)). While the insurer's frivolous or unfounded refusal to pay benefits is the crux of a bad faith claim, our Court of Appeals, interpreting Pennsylvania law, has also

5

recognized that bad faith conduct may encompass an insurer's unreasonable "lack of investigation into the facts" or "failure to communicate with the insured." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio*, 899 A.2d at 1143 (citing *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)).

Here, Defendant argues that Count III of the Complaint should be dismissed because Plaintiffs failed to set forth facts that are sufficient to meet the relevant pleading standards. The Court agrees, but will give the Plaintiffs an opportunity to amend.

Plaintiffs' bad faith claim rests on the assertion that Defendant unreasonably denied UIM benefits to which Plaintiffs are entitled under the terms of the subject insurance policies. Plaintiffs allege that Defendant acted in bad faith through a long list of essentially conclusory acts and omissions:

a) "failing to objectively and fairly evaluate Plaintiffs' claim";

b) "failing to objectively and fairly reevaluate Plaintiffs' claim based on new information";

c) "engaging in dilatory and abusive claims handling";

d) "failing to adopt or implement reasonable standards in evaluating Plaintiffs' claim";

e) "acting unreasonably and unfairly in response to Plaintiffs' claim";

f) "not attempting in good faith to effectuate a fair, prompt, and equitable settlement of Plaintiffs' claim in which the Defendant's liability under the policy had become reasonably clear";

g) "subordinating the interests of its insured and those entitled under its insureds'

coverage to its own financial monetary interests";

h) "failing to promptly offer reasonable payment to the Plaintiffs";

i) "failing reasonably and adequately to investigate Plaintiffs' claim";

j) "failing reasonably and adequately to evaluate or review the medical documentation in Defendant's possession";

k) "violating the fiduciary duty owed to the Plaintiffs";

l) "acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiffs";

m) "failing to make an honest, intelligent, and objective settlement offer";

n) "causing Plaintiffs to expend money on the presentation of their claim"; and

o) "causing the plaintiffs to bear the stress and anxiety associated with litigation."

(Compl., ECF No. 1, Ex. A, ¶ 43.)

While Plaintiffs allegations are numerous, such conclusory claims are insufficient to state a plausible basis for relief. A complaint must set forth more than "rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (stating that allegations amounting to "no more than conclusions" are not "entitled to the assumption of truth") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Count III is devoid of facts explaining "who, what, where, when, and how" Defendant failed to handle Plaintiffs' UIM claim in good faith. *Merrill v. State Farm Fire & Cas. Co.*, 12-cv-1328, 2013 WL 588515, at *5 (W.D. Pa. Feb. 13, 2013) ("[G]eneralized accusations, without supporting facts setting forth 'who, what, where, when, and how' the alleged bad faith occurred, are insufficient.").

And despite the factual allegations included throughout the rest of the Complaint, such facts do not detail which of Defendant's acts or omissions constitute bad faith, separately or in conjunction with others. (*See* Compl., ECF No. 1, Ex. A, ¶¶ 10, 13–17, 27, 29–31.) Rather, such facts detail that Jason Ream was injured in a motor vehicle accident, the tortfeasor's liability limit was insufficient to remedy the associated injuries, a claim was submitted to Defendant, and that the claim remains outstanding. While such facts might be sufficient to plead a claim for breach of contract, they are insufficient to support a claim of bad faith under the Pennsylvania statute. Simply put, requiring the Court to infer bad faith through Defendant's "failure to immediately accede to a demand [under an insurance policy] cannot, without more, amount to bad faith." *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136–37 (3d Cir. 2012).

Similarly, even if the Court were to consider the Plaintiffs' reference to various documents in paragraph twenty-seven (27) of the Complaint,[3] such a reference to documents also fails to provide the actual factual detail necessary to plead a claim of bad faith. As noted above, a bad faith claim requires Plaintiffs to show that the insurer "did not have a reasonable basis for denying benefits under the policy" and "knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Post*, 691 F.3d at 522. While the content of such documents may provide factual support for an argument that Plaintiffs' UIM claim may have merit, reference to them (or that Defendant had them) does not "show" the "where, when, and how" of Defendant's bad faith. *See Merrill*, 2013 WL 588515, at *5. Rather, in essence Plaintiffs ask this Court to infer bad faith from Defendant's failure to pay the claim on their demand. *See Smith*, 506 F. App'x at 136 ("Although [the Court] must accept as true the complaint's allegations and reasonable inferences drawn therefrom, [it] need not credit a complaint's bald assertions or legal

---

[3] Including "medical records, functional capacity test results, a Vocational Rehabilitation report, and a Loss of Earning Capacity report, all of which [relate to] Jason J. Ream's physical condition, treatment, prognosis, and the impact his injuries had on his economic horizon." (Compl., ECF No. 1, Ex. A, ¶ 27.)

8

conclusions.").

Thus, because Plaintiffs have failed to state a plausible basis for recovery under Pennsylvania's bad faith statute, Count III of the Complaint will be dismissed without prejudice. Plaintiffs may file an Amended Complaint if they are able to plead factual allegations which will allow this Court to infer a plausible statutory bad faith claim against Defendant.[4]

### B. **References to Fiduciary Duty**

Plaintiffs allege that Defendant owed them a fiduciary duty, and that such obligation was violated. (Compl., ECF No. 1, Ex. A, ¶¶ 38, 43(k), 44.) The Complaint, however, does not allege a claim as such for breach of fiduciary duty. Rather, as noted above, Plaintiffs allege a breach of contract, statutory bad faith, and loss of consortium. Nevertheless, throughout the Complaint, Plaintiffs allege that Defendant owed them a fiduciary duty, and breached such duty. (*Id.*) In its Motion, Defendant argues that all reference to a fiduciary duty should be stricken from the Complaint. (Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 3, at 9.) The Court agrees.

In their Brief in Opposition to Defendant's Motion to Dismiss, Plaintiffs argue that a fiduciary duty exists with respect to all insurance contracts, including UIM claims. (ECF No. 11, at 10.) To make such argument, Plaintiffs rely on *Lane v. State Farm Mutual Automobile Insurance Co.*, which generally noted that an insurer owes a "fiduciary duty to its insured."[5] No. 14-cv-1045, 2015 WL 2152899, at *7 (M.D. Pa. May 7, 2015) (quoting *Birth Ctr. v. St. Paul Ins. Co.*, 787 A.2d 376, 389 (Pa. 2001).

---

[4] Plaintiffs may be able to do so by setting forth facts in a pleading (as opposed to a brief and exhibits), based on the content of the substantial records they proffered up to the Court in response to the Motion to Dismiss (ECF No. 2).

[5] *Lane*'s only reference to fiduciary duty is in the quote from *Birth Ctr.*, 787 A.2d 376, which addresses third-party claims. The opinion primarily focuses on bad faith under 42 Pa. C.S. § 8371, breach of duty of good faith and fair dealing, and relevant damages.

9

However, under Pennsylvania law, an insurer assumes a fiduciary duty to a beneficiary only in limited circumstances. Such circumstances do not include UIM benefits. *Meyers v. Protective Ins. Co.*, No. 16-cv-1821, 2017 WL 386644, at *5 (M.D. Pa. Jan. 21, 2017) ("Under Pennsylvania law, an insurer owes a duty of good faith and fair dealing toward their insureds. It is well-established, however, that there is no fiduciary duty owed to an insured in the context of an underinsured/uninsured motorist benefits.") (referencing *Condio*, 899 A.2d 1136); *see also Krantz v. Peerless Indem. Ins. Co.*, No. 18-cv-3450, 2019 WL 1123150, at *3 n.2 (E.D. Pa. Mar. 12, 2019) ("[T]here is no fiduciary duty owed to an insured in the context of underinsured/uninsured motorist benefits."); *Bare v. State Auto Grp.*, No. 13-cv-2812, 2013 WL 3878606, at *1 (E.D. Pa. July 26, 2013) ("[A]n insurer does not assume a fiduciary duty toward an insured for UIM claims.").

Rather, an insurer "assumes a fiduciary duty toward an insured only when a third party has asserted a claim against the insured," which is not the case regarding UIM claims. *Fitzpatrick v. State Farm Ins. Co.*, No. 09-cv-1498, 2010 WL 2103954, at *4 (W.D. Pa. May 25, 2010) (referencing *Birth Ctr. v. St. Paul Ins. Co.*, 727 A.2d 1144, 1155 (Pa. Super. 1999)); *see also Pommells v. State Farm Ins.*, No. 18-cv-5143, 2019 WL 2339992, at *4 (E.D. Pa. June 3, 2019) ("[C]ourts have noted a distinction between third-party claims and UIM claims, the latter situation not giving rise to a fiduciary duty between the insurer and an insured."); *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 528 (E.D. Pa. Apr. 30, 2013) ("The Pennsylvania Superior Court considers UIM claims to be a hybrid of first and third party claims" and "[d]ue to their hybrid nature, federal district courts have held that an insurer does not assume a fiduciary duty toward and insured for UIM claims.").

Thus, because the case at hand revolves around Plaintiffs' claim for UIM benefits, and does not involve third-party claims, Defendant did not assume a fiduciary duty toward Plaintiffs. References to fiduciary duty sprinkled throughout the Complaint are unnecessary in a circumstance where such a duty does not exist. The Court therefore grants Defendant's Motion to strike such references.

### C. <u>Compensatory Damages</u>

Defendant also requests that the Court dismiss Plaintiffs' demands in Count III for compensatory damages for bad faith because such damages are not recoverable under Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371. (*See* Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 3, at 11.) The Court agrees.

The Supreme Court of Pennsylvania has made it plain that plaintiffs "may not recover compensatory damages based on Section 8371." *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 884 (Pa. 2007) (quoting *Birth Ctr.*, 787 A.2d at 386); *see also Getz v. State Farm Ins. Co.*, No. 12-cv-82, 2012 WL 5288795, at *2 (W.D. Pa. Oct. 24, 2012) (striking a plaintiff's demand for compensatory damages under § 8371). While the Pennsylvania bad faith statute does not prohibit the award of compensatory damages for common law contract claims, such damages are not recoverable in a claim predicated on § 8371. *See Ash*, 932 A.2d 877.

In other words, § 8371 allows for the remedies expressly written into the text of the statute: punitive damages, attorneys' fees, and interests and costs. 42 Pa. C.S. § 8371; *see also Birth Ctr.*, 787 A.2d at 386 ("The statute does not prohibit the award of compensatory damages. It merely provides an additional remedy and authorizes the award of additional damages."). Compensatory damages must be recovered through other means, such as a common law breach of contract claim. *Wolfe*, 790 F.3d at 498 ("Section 8371 does not provide for the award of

compensatory damages, which, if sought, must be recovered based on other theories."); *Soldrich v. State Farm Fire & Cas. Co.*, No. 15-cv-1438, 2015 WL 7568442, at *3 n.2 (E.D. Pa. Nov. 25, 2015) (striking a plaintiff's demand for compensatory damages under a claim regarding § 8371 because that section "does not provide for the award of compensatory damages") (citing *Wolfe*, 790 F.3d 487).

Plaintiffs are correct in asserting that § 8371 does not prohibit the award of compensatory damages altogether, but they fail to recognize that such damages cannot be awarded under the Pennsylvania bad faith statute. *Birth Ctr.*, 567 Pa. at 402–03 (noting that § 8371 "does not prohibit the award of compensatory damages" but that such damages must be asserted through a common law claim); *Koepke v. Allstate Vehicle & Prop. Ins. Co.*, No. 16-cv-4633, 2016 WL 6838429, at *2 (E.D. Pa. Nov. 21, 2016) ("[I]n order for Plaintiff to pursue compensatory damages, [they] must do so on the basis of [their] breach of contract claim."). Put differently, while § 8371 does not permit compensatory damages, a plaintiff is not barred from seeking both the damages expressly named by § 8371, in addition to compensatory damages under a common law claim.

Here, Count III solely relies on the Pennsylvania bad faith statute. Thus, the Court is limited to considering damages permitted under § 8371, which, as noted above, do not include compensatory damages. Because Count III of the Complaint is based on statute alone, the Court will grant Defendant's Motion to Dismiss Plaintiffs' demand for compensatory damages as to Count III.

## IV. CONCLUSION

This Court will grant Defendant's Partial Motion to Dismiss Plaintiffs' claim for statutory bad faith under 42 Pa. C.S. § 8371, which will be dismissed without prejudice and with leave to amend. References to "fiduciary duty" will be stricken. Plaintiffs' claim for compensatory damages under Count III is dismissed.

An appropriate Order will follow.

Mark R. Hornak
Chief United States District Judge

Dated: September 9, 2019
cc: All counsel of record